UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK BROWN<br><br>          Petitioner<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Respondents | 1:00-CR-5455 OWW<br>1:06-cv-00515 OWW<br><br>ORDER DENYING HABEAS CORPUS<br>PETITION AS MOOT (DOC. 156 in<br>1:00-CR-5455 OWW). |

Petitioner Derrick Brown pled guilty to Conspiracy to Commit Theft of Mail Matter.  On January 31, 2002, Petitioner was committed to the custody of the Bureau of Prisons for a term of 27 months, to be followed by a 36-month term of supervised release.  Doc. 91 (Judgment and Commitment).  He was released from federal custody on January 15, 2003, and was to report to the probation office in Fresno within 72 hours.  He failed to do so, and an arrest warrant issued.  Doc. 123 (probation form 12C dated Jan. 31, 2003).  On February 13, 2003, he was picked up by California law enforcement officials, and convicted on separate state charges.  *See* Doc. 156 (Petition for habeas corpus).  On June 7, 2004, Petitioner was informed that he was subject to a federal detainer, based upon the warrant issued in connection with his federal supervised release violation.

By way of a habeas corpus petition filed on March 3, 2006, petitioner requested that he be sentenced on his federal

1

supervised release violation so that he could serve any federal sentence concurrent with his state prison term.  That petition was designated a request under 28 U.S.C. § 2255 as a request for correction of a federal sentence.

At some point between March 3, 2006 and April 26, 2006, Petitioner was released from state custody.  On April 28, 2006, the federal arrest warrant issued in 2003 was returned executed. Doc. 147.  Petitioner's release from state custody effectively mooted his habeas corpus petition, as the sole request contained therein was to have any sentence on his federal supervision violation run concurrent with his state prison term.

Even if this event did not moot his petition, subsequent events did.  Petitioner was imprisoned for three months in connection with his initial federal supervision violation (failure to report in 2003).  Upon his release from custody, he again violated the terms of his supervised release, admitting to illicit drug use, failure to follow the instructions of the Probation Officer, and failure to notify the Probation Officer of a change of address.  On November 2, 2007, he was remanded to the custody of the Bureau of Prisons to serve a term of imprisonment of 12 months and 1 day, followed by no further supervised release.  Petitioner completed that term of imprisonment and is no longer under custody.  A § 2255 motion becomes moot upon prisoner's release from custody unless the motion demonstrates

adverse collateral consequences from challenged sentence or conviction. *Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir. 1990), abrogated on other grounds by *Spencer v. Kemna*, 523 U.S. 1 (1998).  No such collateral consequences are suggested here. Petitioner's habeas corpus petition is therefore DENIED AS MOOT.

The Clerk of Court is directed to CLOSE the Habeas Case 1:06-cv-00515.

**IT IS SO ORDERED.**

Dated: <u>  September 29, 2010  </u>         <u>     /s/ Oliver W. Wanger</u>
                                          **UNITED STATES DISTRICT JUDGE**